In the Matter of Forrest E. HAWLEY and Pamela A. Hawley a/k/a Pamela A. Edwards Debtors.

Forrest E. HAWLEY and Pamela A. Hawley, a/k/a Pamela A. Edwards, Plaintiffs,

v.

Warren W. BENTZ, Esq., Trustee and First National Bank of Pennsylvania, Defendants.

Bankruptcy No. 80–00292.
Adv. No. 81–0545.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 30, 1985.

James J. Stuczynski and Ely & Bernard, Erie, Pa., for plaintiffs.

Charles D. Marlett, Erie, Pa., for First Nat. Bank of Pennsylvania.

Vedder J. White, Erie, Pa., substituted trustee and attorney pro se for trustee.

MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

In this adversary proceeding filed by the debtors to avoid a lien against their automobile which they claimed to be exempt under the provisions of 11 U.S.C. Section 522(d)(2) giving the debtor a $1,200.00 exemption in a motor vehicle they admitted in their complaint that the fair market value of the car at the time of the filing of the petition for relief was 2,500.00. The creditor's defense asserted in Paragraph 8 of its answer is that "because the security interest in favor of the Bank arises from a voluntary transfer, the plaintiff can not take advantage of 11 U.S.C. Section 522(h)

and (i)" which in pertinent part provide that the debtor may avoid a transfer of property of the debtor or recover a set off to the extent that the debtor could have exempted such property under Section 522(g) and (h) and the property is recovered by the trustee. However, the debtor is allowed exemption rights in property he transferred only if

"(1)(A) such transfer was not a voluntary transfer of such property by the debtor"

and the trustee filed a cross-claim for an order directing the debtor to deliver possession of the subject automobile, a 1977 Pontiac LeMans and the certificate of title therefor to the trustee.

The only transfer alleged by the creditor in his answers to the debtor's complaint and cross-claim of the trustee is set forth at the bottom of page five of its brief that the Hawleys transferred a security interest in the vehicle to the creditor and sought a loan; that "it is manifest that the transfer to the Bank was a voluntary transfer in all respects."

The only transfer by a debtor which bars his exemption rights is a transfer of his property, not the attempted creation of a security interest therein, valid or invalid. The creditor's security interest was not perfected by a notation on the certificate of title as required by 75 Pa.C.S.A. Section 1132 and the lien being non-existent and void, the trustee has an undisputed right of possession to the car subject to debtor's right of exemption. The vehicle having been worth $2,500.00 (possibly more) at the time of the bankruptcy filing under the allegations of the plaintiff's complaint, it would appear that the debtors should account for the full value of the automobile at the time of the bankruptcy filing which is hereby determined to be between $2,500.00 and the amount the bank agreed to lend on it of $4,180.42, less, however their $1,200.00 exemption rights therein. In the alternative, the debtors may deliver the vehicle to the trustee in good condition and account for the damages suffered by the trustee by depreciation or otherwise

because of their failure and default in the performance of their duty under 11 U.S.C. Section 521(4) to

"surrender to Trustee all property of the estate"

within a reasonable time of said trustee's appointment.